1
2
3
4
5
6
7                      UNITED STATES DISTRICT COURT
8                      CENTRAL DISTRICT OF CALIFORNIA
9
10   HENRY DESEAN ADAMS,            )        NO.  CV 20-1534-DOC (AGR)
                                    )
11                 Plaintiff,       )
                                    )
12        v.                        )        ORDER ACCEPTING FINDINGS AND
                                    )        RECOMMENDATIONS OF UNITED
13   CASTILLO, et al.,              )        STATES MAGISTRATE JUDGE
                                    )
14                 Defendant.       )
     ───────────────────────────────)
15

16        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, records

17   on file, the Report and Recommendation of the United States Magistrate Judge

18   ("Report") and Plaintiff's three subsequent filings: (1) Motion for Order Submitting

19   Further Evidence; (2) Opposition to Report and Recommendation; and (3) Motion in

20   Support of Opposition [to] Defendant Motion to Dismiss Plaintiff Complaint (Dkt. Nos.

21   81-83).  The Court has construed the three filings as objections to the Report.  The

22   Court has engaged in a *de novo* review of those portions of the Report to which

23   Plaintiff has objected.  The Court accepts the findings and recommendation of the

24   Report.

25        IT IS ORDERED that Plaintiff's motion to submit evidence is DENIED without

26   prejudice at this stage of the proceedings.  (Dkt. No. 81.)  As the Report explains, the

27   court does not review outside evidence on a motion to dismiss the complaint.

28   (Report at 5-7.)

1   Plaintiff's opposition indicates a misunderstanding of the Report's

2   recommendations as to Plaintiff's Eighth and First Amendment claims.  Plaintiff

3   argues that the Defendants have destroyed or failed to deliver his mail.  The Report

4   recommends that the motion to dismiss be granted with leave to amend to add a First

5   Amendment claim based on interference with the mail – a First Amendment claim

6   that was not asserted in the original complaint.  (Report at 10-13.)  Plaintiff also

7   argues that he has suffered medical injury.  The Report recommends that Plaintiff be

8   granted leave to amend to allege his serious medical needs and injury from

9   Defendants' misconduct.  (*Id.* at 13-14.)

10   It appears that from Plaintiff's objections that he may now be attempting to

11   allege a retaliation claim.  "Within the prison context, a viable claim of First

12   Amendment retaliation entails five basic elements: (1) an assertion that a state actor

13   took some adverse action against an inmate (2) because of (3) that prisoner's

14   protected conduct, and that such action (4) chilled the inmate's exercise of his First

15   Amendment rights and (5) the action did not reasonably advance a legitimate

16   correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

17   Conduct protected by the First Amendment includes filing prison grievances.  *Id.*; *see*

18   *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) ("Prisoners have a First

19   Amendment right to file grievances against prison officials and to be free from

20   retaliation for doing so.").  Nothing in this Order precludes Plaintiff from alleging a

21   retaliation claim in the First Amendment Complaint.

22   IT IS ORDERED that Defendants' motion to strike under Fed. R. Civ. P. 12(f) is

23   DENIED and Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) is

24   GRANTED IN PART AND DENIED IN PART as follows:

25   (1) All individual capacity claims are dismissed with leave to amend;

26   (2) The official capacity claims against Defendants Castillo, Dengate, Mahoney

27   and Bankston for damages are dismissed without leave to amend;

28   (3) The official capacity claims against Defendants Castillo, Dengate, Mahoney

1  and Bankston for injunctive relief are dismissed with leave to amend; and

2  (4) Plaintiff is granted leave to file a First Amended Complaint within 30 days

3  after entry of this order

4  If Plaintiff chooses to file a First Amended Complaint, it must be filed within 30

5  days after entry of this Order, it must bear the docket number assigned to this case,

6  be labeled "First Amended Complaint," and be complete in and of itself without

7  reference to the original complaint, attachment, pleading or other documents.

8  The Clerk is DIRECTED to provide Plaintiff with a blank civil rights complaint

9  form.

10  **Plaintiff is advised that if he fails to file a timely First Amended Complaint**

11  **within 30 days after the entry of this order, this action is subject to dismissal.**

12

13

14  DATED:    September 20, 2021

HON. DAVID O. CARTER
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28